JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-2131 DMG (VBKx)** | Date | March 27, 2013 |
|---|---|---|---|

| Title | ***Farmers & Merchants Bank of Long Beach v. Mark Allen, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 29, 2013, Plaintiff Farmers & Merchants Bank of Long Beach filed a Complaint in Los Angeles County Superior Court for unlawful detainer against Defendants Mark Allen, Cynthia Turner, Don Roberts, Tony Ceroli, and Does 1 through 10 [Doc. # 1]. The Complaint alleges that Plaintiff, the former trustee of a Deed of Trust against the property where Defendants reside as tenants ("the subject property"), purchased the subject property on September 19, 2012 at a public auction. (*Id.* ¶¶ 3-6.)  Plaintiff's title to the subject property was perfected on September 24, 2012.  (*Id.* ¶ 7.)  On October 6, 2012, Plaintiff caused to be served on Defendants a written notice to quit the premises within 90 days.  (Compl. ¶ 10.)  As of the date of the Complaint, Defendants had failed to vacate the subject property.  (*Id.* ¶ 11.)  Plaintiff seeks damages, restitution, and possession of the subject property.

Defendant Timothy Kapa, presumably one of the previously unknown Doe Defendants, filed a Notice of Removal on March 25, 2013 pursuant to 28 U.S.C. § 1443.  [Doc. # 1.] Defendant Kapa argues that the Complaint raises a claim under the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"), 15 U.S.C. § 5220 [Doc. #1].

The "well-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009).  Where federal law completely preempts state law, however, a federal court may exercise jurisdiction under the "artful pleading" doctrine even where no federal question appears on the face of the complaint. *JustMed, Inc. v. Bryce*, 600 F.3d 1118, 1124 (9th Cir. 2010).  "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-2131 DMG (VBKx)** | Date | March 27, 2013 |
| Title | *Farmers & Merchants Bank of Long Beach v. Mark Allen, et al.* | Page | 2 of 2 |

as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

Defendant Kapa argues that the PTFA preempts state law unlawful detainer actions and creates a private right of action for tenants of foreclosed landlords. Contrary to Defendant Kapa's arguments, courts consistently find that, while the PTFA creates a defense against eviction in some cases, it does not preempt state law unlawful detainer actions or create any private right of action for tenants. *See Wells Fargo Bank v. Lapeen*, Case No. CV 11-01932, 2011 WL 2194117 at *4 (N.D. Cal. June 6, 2011) (PTFA does not completely preempt a state unlawful detainer action but is father a defense against eviction in some cases); *Wescom Credit Union v. Dudley*, Case No. CV 10-08203, 201 WL 4916578 at *2-3 (C.D. Cal. Nov. 22, 2010) (same); *Logan v. U.S. Bank N.A.*, Case No. CV 09-08950, 2010 WL 1444878 at *10 (C.D. Cal. Apr. 12, 2010), *appeal docketed*, Case No. 10-55671 (9th Cir. 2010) (declining to find that Section 702 creates a private right of action). On its face, the Complaint states a single cause of action under Cal. Civ. Proc. Code § 1161a.

Because Defendant Kapa has not established a basis for removal jurisdiction on the face of the Notice of Removal, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**